# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WEST VIRGINIA UNIVERSITY,**
**Employer Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1067** (BOR Appeal Nos. 2052411, 2052971, 2052982)
(Claim No. 2016026218)

**JESS SHAFFER,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner West Virginia University, by Counsel H. Dill Battle III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Jess Shaffer, by Counsel William C. Gallagher, filed a timely response.

The issues on appeal are permanent partial disability, temporary total disability, and additional compensable conditions. The claims administrator granted a 0% permanent partial disability award on December 9, 2016. On January 16, 2017, it denied a reopening of the claim for temporary total disability benefits. On August 10, 2017, the claims administrator denied a request to add complete bilateral rotator cuff tears to the claim. The Office of Judges affirmed the January 16, 2017, and February 9, 2017, decisions in its December 20, 2017, Order. On May 7, 2018, the Office of Judges reversed the August 10, 2017, claims administrator's decision and added complete bilateral rotator cuff tears to the claim. On May 15, 2018, the Office of Judges reversed the December 9, 2016, claims administrator's decision and granted a 17.5% permanent partial disability award. The Board of Review reversed the December 20, 2017, Office of Judges' decision, reopened the claim for temporary total disability benefits, and remanded with instructions to allow Mr. Shaffer to present additional evidence regarding the time period of temporary total disability in its October 30, 2018, decision. In a separate decision that same day, the Board of Review affirmed the May 7, 2018, Office of Judges' Order. In a third decision that same day, the Board of Review reversed the May 15, 2018, Office of Judges' decision and remanded the case with instructions to refer Mr. Shaffer for a new impairment rating, including the newly compensable conditions, once he reaches maximum medical improvement

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds that the Board of Review's decision is so clearly wrong, that when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

Mr. Shaffer, a trade specialist lead, injured his shoulders and lower back in the course of his employment on January 26, 2016, when he tripped while carrying a fan shroud and blade. Shoulder x-rays taken on April 11, 2016, showed mild degenerative changes. Lumbar x-rays showed mild scoliosis with advanced degenerative disc changes and facet arthrosis. Mr. Shaffer was treated by James Bailey, M.D., on April 18, 2016, for the injury. Dr. Bailey stated that Mr. Shaffer reported pain in his lower back and bilateral shoulders following a January 26, 2016, work-related injury. Mr. Shaffer was initially seen on April 8, 2016, but it was unclear to Dr. Bailey at that time that it was a work-related injury. Mr. Shaffer reported that he did not seek medical treatment for the January injury until April 8, 2016, because he was treating himself at home with over the counter medication. Dr. Bailey diagnosed lumbar and bilateral shoulder sprains and recommended MRIs. Mr. Shaffer returned to Dr. Bailey on May 16, 2016, and Dr. Bailey noted that his symptoms had not improved. He continued to have back and bilateral shoulder pain. His shoulder range of motion was poor, and Dr. Bailey recommended he remain off of work.

Mr. Shaffer has a history of lower back and bilateral shoulder problems. On November 7, 2003, he sought treatment at Uniontown Hospital for right shoulder pain that started after he accidentally pulled down a piece of equipment on himself. X-rays of the lumbar spine showed degenerative changes, mostly at L4-5 and L5-S1. Mr. Shaffer was diagnosed with right shoulder strain, right trapezius strain, lumbosacral strain, and right ankle strain. Treatment notes from November 12, 2003, through November 25, 2003, by V. Netaji, M.D., indicate Mr. Shaffer was treated for a bilateral shoulder and lower back injury. He reported pain that radiated into his legs, as well as numbness. Right shoulder range of motion was limited. Mr. Shaffer was diagnosed with shoulder and low back pain.

A right shoulder MRI was performed on December 3, 2003, and revealed degenerative joint disease of the acromioclavicular joint with impingement on the rotator cuff causing rotator cuff tendonitis. A left shoulder MRI showed degenerative joint disease. A lumbar MRI showed cord compression due to a herniated T11-12 disc. It also showed moderately severe degenerative spondylosis superimposed on a congenitally small spinal canal causing multilevel spinal stenosis. Mr. Shaffer also had significant foraminal attenuation throughout the entire lumbar spine. Treatment notes by Dr. Netaji from December 5, 2003, through April 11, 2005, indicate Mr. Shaffer was treated repeatedly for rotator cuff tendonitis of the left shoulder, right shoulder degenerative joint disease, and right shoulder impingement. Mr. Shaffer sought treatment from Sanford Emery, M.D., on December 18, 2003, for occasional left thigh pain with numbness and right leg pain. Lower back x-rays showed substantial degeneration at L4-5 and L5-S1. Dr. Emery opined that Mr. Shaffer's prior work-related injury caused a lumbar sprain superimposed on degenerative changes.

The claim at issue was held compensable for lumbar sprain and bilateral shoulder sprains on August 4, 2016. A lumbar MRI was performed on August 10, 2016, and showed advanced degenerative disc disease with facet arthropathy; severe spinal canal stenosis at T11-12, L2-3, and

2

L3-4; moderate to severe canal stenosis at L1-2; and spinal cord myelomalacia at T11-12. A right shoulder MRI performed on August 23, 2016, showed a full thickness tendon tear with retraction as well as some tendinosis. A left shoulder MRI showed a full thickness tear, joint osteoarthritis, and cartilage thinning. A lumbar MRI showed dextroscoliosis with advanced degenerative disc disease, facet arthropathy, severe stenosis from T11-L4, and spinal cord myelomalacia at T11-12. Shoulder x-rays taken on September 23, 2016, revealed moderate degenerative arthrosis in the acromioclavicular joints consistent with chronic rotator cuff injury.

In a September 23, 2016, treatment note, E. Barry McDonough, M.D., stated that Mr. Shaffer was seen for evaluation of bilateral rotator cuff tears. He reported that he tripped at work while carrying a fan and landed on his outstretched arms. Mr. Shaffer stated that he underwent physical therapy and saw significant improvement in his symptoms. Dr. McDonough noted that imaging studies showed massive, irreparable rotator cuff tears in both shoulders. He opined that Mr. Shaffer should continue physical therapy and work on strengthening. He stated that he would need shoulder replacements in the future and that he would likely be unable to return to his preinjury functional level.

In a September 26, 2016, orthopedic evaluation, Scott Daffner, M.D., noted that Mr. Shaffer had significantly improved since the compensable injury. He reported a prior low back injury in 2003, which caused a T11-12 disc herniation. Dr. Daffner diagnosed an exacerbation of degenerative lumbar stenosis and recommended continued physical therapy. On October 12, 2016, Mr. Shaffer returned to Dr. Bailey who diagnosed lumbago due to a displaced disc, lumbar sprain, bilateral shoulder sprains, and complete bilateral rotator cuff tears.

In a November 18, 2016, independent medical evaluation, Scott Rainey, M.D., noted that Mr. Shaffer injured his lower back, knees, and shoulders on January 26, 2016, when he fell at work. At the time of evaluation, Mr. Shaffer reported severe pain in his right buttock that radiated into both legs. He denied any prior work-related lower back injuries. Dr. Rainey found on examination that Mr. Shaffer had no specific areas of tenderness in the lower back. There was no objective evidence of sensory or motor deficits in the legs. Dr. Rainey opined that the January work injury resulted in a lumbar sprain, for which Mr. Shaffer had reached maximum medical improvement. He further opined that Mr. Shaffer could return to work with no restrictions. Dr. Rainey found that the ongoing back and leg pain were unrelated to the compensable injury. Mr. Shaffer's symptoms were found to be the result of severe, preexisting degenerative changes. Further, he had a prior work-related lower back injury, and imaging studies performed in 2003 showed significant degenerative changes and a disc herniation. Dr. Rainey assessed 8% whole person impairment for the lumbar spine but apportioned the entire amount to preexisting degenerative changes.

An independent medical evaluation was performed by Kelly Agnew, M.D., on November 23, 2016. Dr. Agnew noted that despite having bilateral retracted degenerative rotator cuff tears, Mr. Shaffer could recall no injuries or shoulder treatment prior to the compensable injury at issue. On examination, he reported pain in both shoulders. Dr. Agnew found supraspinatus atrophy bilaterally and significant left deltoid atrophy. X-ray and MRI studies showed massive, irreparable rotator cuff tears that were consistent with rotator cuff arthropathy. Chronic degenerative changes

3

were seen throughout both shoulders. Dr. Agnew determined that Mr. Shaffer's compensable injury resulted in bilateral shoulder strains. He had reached maximum medical improvement. Dr. Agnew found 17.5% whole person impairment for the shoulders but apportioned the entire amount to preexisting degenerative rotator cuff pathology. The claims administrator granted a 0% permanent partial disability award on December 9, 2016.

In a December 22, 2016, letter, Dr. Bailey stated that he had treated Mr. Shaffer for the compensable injury since April of 2016. His condition greatly improved following physical therapy but declined again when he returned to work. Dr. Bailey recommended Mr. Shaffer cease working and return to physical therapy.

Rebecca Thaxton, M.D., performed a physician review on January 5, 2017, in which she noted that Mr. Shaffer had received fifty-eight physical therapy sessions since May of 2016. She noted that Dr. Agnew found he had reached maximum medical improvement for his lumbar and shoulder sprains/strains. Dr. Thaxton concluded that Mr. Shaffer had exceeded the physical therapy guidelines found in West Virginia Code of State Rules § 85-20 and recommended additional therapy be denied. On January 16, 2017, the claims administrator denied a reopening of the claim for temporary total disability benefits.

Treatment notes by Dr. Bailey from January to April of 2017 indicate Mr. Shaffer's shoulder pain increased after physical therapy was discontinued. He stated that physical therapy was essential to his functioning. In a February 1, 2017, letter, Richie Martin, P.T., stated that Mr. Shaffer was treated for bilateral shoulder and lower back pain. He showed significant improvement during therapy, but declined when physical therapy stopped. Mr. Martin opined that Mr. Shaffer's current symptoms could be reduced with additional physical therapy. He believed that a return to work would result in an aggravation of his symptoms.

Dr. Bailey testified in a June 23, 2017, deposition that he has treated Mr. Shaffer for the work injury for the past two years. Mr. Shaffer underwent therapy, which seemed to help. However, when he returned to work, he began showing subjective and objective signs that his condition worsened. Dr. Bailey stated that physical therapy should be reinitiated. He opined that it is difficult for him to determine the cause of Mr. Shaffer's shoulder conditions but stated that he remained temporarily and totally disabled. Dr. Bailey requested that bilateral rotator cuff tears be added to the claim on July 3, 2017.

In a July 10, 2017, physician review, Dr. Thaxton opined that Mr. Shaffer's bilateral rotator cuff tears were degenerative in nature and unrelated to the compensable injury. The claims administrator denied a request to add complete left rotator cuff tear and complete right rotator cuff tear to the claim on August 10, 2017. Dr. Bailey testified in a deposition on September 27, 2017, that Mr. Shaffer had no history of progressive shoulder pain. When he first examined him in April of 2016, there was no evidence of atrophy or signs of a degenerative rotator cuff tear. Dr. Bailey opined that the rotator cuff tears were caused by trauma.

Joseph Grady, M.D., performed a record review on February 13, 2018. He noted that December of 2003 MRIs of the shoulders showed degenerative changes in the acromioclavicular

joint with some rotator cuff impingement but no evidence of tearing. MRIs taken after the compensable injury showed tearing in both shoulders. Dr. Grady opined that Mr. Shaffer's preexisting degenerative changes and bilateral rotator cuff tears were not related to the compensable injury. He opined that the 2003 MRIs showed preexisting degenerative changes with impingement, which indicates a predisposition to degenerative rotator cuff tears. Further, the medical records showed a pre-compensable injury history of shoulder symptoms.

In its December 20, 2017, Order, the Office of Judges affirmed the claims administrator's decision denying a request to reopen the claim for temporary total disability benefits. In order to reopen a claim for temporary total disability benefits, "the claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received." West Virginia Code § 23-5-3. In the instant case, the Office of Judges determined that the only compensable conditions in the claim are lumbar and bilateral shoulder sprains. Dr. Rainey found in his evaluation that Mr. Shaffer had reached maximum medical improvement for the compensable lumbar sprain and that the ongoing lower back symptoms were the result of preexisting degenerative changes, stenosis, and a disc herniation. His findings were found to be supported by the medical evidence. Dr. Agnew examined Mr. Shaffer on November 23, 2016, and determined that he had reached maximum medical improvement for his bilateral shoulder strains. He opined that Mr. Shaffer's ongoing shoulder symptoms were the result of preexisting arthropathy. Dr. Agnew opined that the mechanism of injury would not cause rotator cuff injuries. The Office of Judges found Dr. Agnew's opinion to be supported by the medical evidence. Specifically, Mr. Shaffer was diagnosed with degenerative joint disease, rotator cuff tendonitis, and bilateral shoulder impingement prior to the compensable injury at issue. The Office of Judges noted that Mr. Shaffer relied on the opinion of Dr. Bailey, who stated that he was still temporarily and totally disabled. However, the Office of Judges found that Dr. Bailey stated he was unable to determine if Mr. Shaffer's ongoing disability was the result of the compensable injury and that he normally refers cases to specialists in order to differentiate between degenerative and traumatic injuries. The Office of Judges concluded that Mr. Shaffer failed to show that he remained temporarily and totally disabled due to his compensable injury.

On October 30, 2018, the Board of Review reversed the Office of Judges' Order insofar as it denied the reopening of the claim for temporary total disability benefits. It found that on May 7, 2018, the Office of Judges, by Order, added complete tear of both the right and left rotator cuffs to the claim. Since the conditions are compensable components of the claim, the Board of Review concluded that Mr. Shaffer presented sufficient evidence to show that he remained temporarily and totally disabled. The claim was remanded for additional evidence regarding the time period of temporary total disability. The remainder of the Office of Judges' Order was affirmed.

In its May 7, 2018, Order, the Office of Judges reversed the claims administrator's August 10, 2017, decision and held the claim compensable for bilateral rotator cuff tears. It found that Dr. Bailey treated Mr. Shaffer for the compensable injury. He diagnosed bilateral rotator cuff tears and requested the conditions be added to the claim. Dr. McDonough, an orthopedic specialist, agreed with Dr. Bailey's diagnoses. The Office of Judges stated that the employer relied on the opinions of Drs. Agnew and Grady, who both found that Mr. Shaffer's rotator cuff tears were

degenerative. The Office of Judges determined that their opinions were not supported by the medical evidence. Mr. Shaffer clearly had preexisting degenerative joint disease in both shoulders, as seen on 2003 MRIs. However, the MRIs showed no evidence of tearing. MRIs taken after the compensable injury showed tears in both rotator cuffs. The Office of Judges further found that Mr. Shaffer received some treatment for his shoulders in 2003, but had no treatment in the ten years preceding the compensable injury. The Office of Judges concluded that if he had massive bilateral rotator cuff tears due to degeneration, it would be reasonable to expect some treatment during this time. Further, he was fully capable of performing his job duties prior to the compensable injury, after which he was unable to perform his job duties. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its Order on October 30, 2018.

In its May 15, 2018, Order, the Office of Judges reversed the claims administrator's December 9, 2016, decision granting a 0% permanent partial disability award and found that Mr. Shaffer was entitled to a 17.5% permanent partial disability award for bilateral rotator cuff tears. The Office of Judges found no evidence to refute Dr. Rainey's finding of 0% lumbar spine impairment. Regarding Dr. Agnew's assessment of the shoulders, at the time of his evaluation, the claim was only compensable for bilateral shoulder strains. Following his evaluation, bilateral rotator cuff tears were added to the claim as compensable conditions. Dr. Agnew found in his evaluation that Mr. Shaffer had 17.5% impairment due to bilateral rotator cuff tears. The Office of Judges determined that this assessment was reliable.

On October 30, 2018, the Board of Review vacated the Office of Judges' May 15, 2018, Order and remanded the case with instructions for Mr. Shaffer to undergo another independent medical evaluation once he reaches maximum medical improvement. The Board of Review found that no evaluation of record recommended 17.5% impairment award for injuries in this claim. Dr. Agnew assessed 17.5% impairment but did not relate it to the compensable injury. Therefore, the Board found that Mr. Shaffer is entitled to another evaluation once he reaches maximum medical improvement.

After review, we find that the October 30, 2018, decisions of the Board of Review are so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decisions. The medical evidence clearly shows that Mr. Shaffer had bilateral shoulder degenerative changes several years before the compensable injury occurred. A December of 2003 MRI showed degenerative joint disease with impingement of the rotator cuff causing tendonitis in the right shoulder. The left shoulder showed degenerative joint disease. Treatment notes by Dr. Netaji from December of 2003 through April of 2005 show Mr. Shaffer had rotator cuff tendonitis on the left and degenerative joint disease and impingement on the right. Dr. Grady stated in his February 13, 2018, record review that these conditions indicate a predisposition to degenerative rotator cuff tears.

Dr. Bailey stated in his deposition that it is very difficult for him to determine if the rotator cuff tears are the result of degeneration or trauma. He testified that he usually refers patients to a specialist to make a determination. Dr. Bailey further stated that he did not discuss prior shoulder issues with Mr. Shaffer. Dr. Bailey is the only physician of record to opine that the compensable

injury resulted in bilateral rotator cuff tears. Dr. Agnew, an orthopedic surgeon, performed an independent medical evaluation of Mr. Shaffer and found that the compensable injury resulted in bilateral shoulder strains. He found that Mr. Shaffer had chronic degenerative changes throughout both shoulders as well as massive rotator cuff tears that were consistent with arthropathy. Though he found 17.5% shoulder impairment, he apportioned the entire amount to preexisting, degenerative rotator cuff pathology. Dr. Thaxton performed a physician review on July 10, 2017, and also found that the bilateral rotator cuff tears were degenerative and unrelated to the compensable injury. Lastly, Dr. Grady performed a record review on February 13, 2018. He too determined that Mr. Shaffer's preexisting degenerative changes and bilateral rotator cuff tears were not related to the compensable injury. He opined that the 2003 MRIs showed preexisting degenerative change with impingement, which indicates a predisposition to degenerative rotator cuff tears.

For the foregoing reasons, we find that the October 30, 2018, decisions of the Board of Review are so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decisions of the Board of Review are reversed and remanded with instructions to reinstate the December 9, 2016; January 16, 2017; and August 10, 2017, claims administrator's decisions.

Reversed and Remanded.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison